Good morning, Your Honor. It's David Belzner on behalf of the appellate, Corinne Chism. And may it please the Court. The question on this appeal, Your Honor, is whether the Veterans Court properly refused to remand the case where the parties and the Court all to Mrs. Chism due to the nature of her husband's death in the service. The Veterans Court excused the Board's error with the conclusion that any reasonable interpretation of the correct law, that is, Section 301C2, would comprehend Mr. Chism's death within its scope. This conclusion is wrong because it necessarily ignores... When you say the Board misapplied the law, you're saying the Board misapplied or didn't properly apply the regulation, 3.38 CFR, 3.301C2. Yes, Your Honor. The Board applied another regulation, 3.312, which has to do with whether service-connected conditions are the cause of death. And it looked at the question of immediacy, which is sort of the focus of this appeal, but it didn't resolve that question because it looked at the other part of 3.312 and said, well, as long as it's a principal cause of death, we deny it. Well, that was the wrong law, and everybody acknowledges that, the Veterans Court included. But then the Veterans Court said, but that doesn't matter because if we look at the correct regulation, 3.301C2, any reasonable interpretation includes the facts of this case. Leaving aside the merits, can't we just look at the Veterans Court's interpretation and say the court got it right or it got it wrong? And the facts aren't in dispute here as to what happened. We couldn't look at them anyway, but fortunately, the facts are not in dispute and the sole question is, did the Veterans Court properly interpret the regulation? Well, that is correct. Wouldn't it be wasteful, I think, to send it back, to have it go back to the board? I mean, isn't it just better for us to decide it one way or the other based on what the Veterans Court did? I understand. Your Honor, the problem is that the board never made a determination whether this death was, in fact, immediate or not. There's evidence of record from the toxicologist that the death was not immediate, so we think that raised the question. What do you mean by immediate in the case of alcohol poisoning? Well, that's sort of the big question in the case. But alcohol poisoning as a matter of definition occurs as the alcohol is metabolized to a Could it have possibly been more immediate than it was? I don't honestly know, Your Honor, and the evidence from the toxicologist is that it typically takes several hours, and that, in his view, is not immediate. That's what happened here, right? It did happen here. Somewhere between three and a half and six hours, something like that, on the record. We don't know for sure. It doesn't come down to the fact, though, that if one accepts the Veterans Court's interpretation of the regulation, it doesn't have to go back to factual determination. However, if one agrees with your interpretation, then it would have to go back. Isn't that where it plays out? Yes, sir. Yes, Your Honor, that's exactly correct, because if the Veterans Court was correct, in our view, reading immediately out of the regulation and basically saying it just means proximate, there's no dispute that it was a proximate result of the intoxication. Nobody disputes that. But we think that the word has to be given effect because it's in the regulation. The VA said proximately and immediately, and those two words are there. And only given the evidence that it was not immediate, whatever immediate might mean, given that evidence of record, if immediate has any meaning in addition to proximate, then it has to go back because the Veterans Court was wrong. And the only way it could not have been wrong was if immediately has no meaning in addition to proximately, and that's what our contention is. The proximate immediate is in the same clause as the drinking of a beverage to enjoy its intoxicating effects. We're clearly talking about alcohol poisoning here. Yes, Your Honor. And so the board's, now excuse me, the court's interpretation of immediacy is entirely in the proper context, isn't it? Well, the court is certainly... There's no way you can drink a liter of brandy in less than a minute and die instantly. That seems to be... It would happen as the alcohol is metabolized, right? I think that's correct, right. So immediate has to mean what the court said it meant, right? No, because the court said, the court for one thing interpreted our argument to be, well, it has to be instantaneous. And we're not necessarily contending that. It looks like from the evidence that doesn't really ordinarily ever happen. But the question is, what does immediately mean? Why did VA put that term in there? It must have had some meaning, other than simply as a direct result of, because that's what proximately means. So our contention is, the board should have considered whether it was immediate in this case. The board earlier had said, well, it happened fairly soon after. Is that enough? Is that immediate within the meaning of the VA regulation? We don't know. And the board never had an opportunity to consider whether the evidence from the toxicologist or other evidence, for that matter, indicated whether it was immediate in this instance within the meaning of the regulation. The Veterans Court was looking certainly at the correct section of the regulation, as Your Honor suggests. But the Veterans Court read immediately simply to mean proximately. And we may not assume, under normal canons of construction, that the VA would use two words when it only needed to use one. And that's the whole essence of our contention, is that they did not do that. Mr. Bezos, in your view, does death have to follow immediately from the imbibing of the alcoholic beverage? Or does it have to follow immediately from the intoxication that results? It's the latter, Your Honor. And that's a very good point, because the Veterans Court stated our contention as a contention that the death would have to be instantaneous upon the swallowing of an alcoholic beverage. And the regulation doesn't say that. The regulation says the drinking results in intoxication, which then leads proximately and immediately. So presumably, the amount you drink might, I assume, would affect the point at which the intoxication, if any, becomes apparent or comes on. I would think, Your Honor. And it could affect the timing. And there's no question that the term immediate, and I certainly can't tell the court and contend that the term immediate gives us a nice, clear, fine line as to whether what falls within or without. Isn't the real focus here willful misconduct? That is the ultimate purpose of the regulation, is to exclude willful misconduct. And so proximate and immediate is all in the context of what is willful misconduct, right? It's intended to capture behavior that is going to be classified willful misconduct and therefore bar benefits on the part of a survivor in the case of a death. How would you define the word immediate? It's so flexible, Your Honor, that it's, you know, I don't know how I would define it because I don't know what VA intended. I would say immediate involves some sort of temporal element to it, a temporal aspect. And indeed, all of the discussion in the case suggests that that has to be true if it's going to have any meaning at all. Because otherwise, it overlaps proximately exactly. Well, if you say it should go back so they can decide. Now if it went back and you had a say in how they decide what immediate means, how do you think you would define it? I think I would be advocating before the Board that the death here, we have an expert who says it was not immediate as he sees it based on the evidence. The Board should determine what is immediate, what was intended within the scope of the regulation to be included in. And I've suggested some possibilities as to what VA may have had in mind. It may have been intending to capture only deaths that occur soon enough that we have confidence that it really was the result of misconduct and perhaps not something else. I don't know because obviously I didn't draft the regulation. Is there any sense in which this death was not the consequence of the willful misconduct of the deceased? Well, there's no sense in which it was not the proximate result of the drinking of the alcohol and the resulting intoxication. Willful misconduct, which is what this reg is addressing, right? Right, but it's not willful misconduct unless the death results proximately and immediately and that's the whole fight is we say immediately has to be given some effect. What if you had a situation, Mr. Pilsner, where someone, this situation, where someone drinks a huge amount of alcohol, immediately because of that goes into, well, say within two hours or within an hour goes into a coma, but then is in the hospital in the coma for another two months and then finally the decision is made to end life support. Now, what would be your view in that sort of situation? That would present a difficult case, Your Honor, because it would really raise the question of what was VA trying to capture with the term immediately because the death would not have been immediately. But it would have been willful misconduct. It would have been proximate, Your Honor. I can't concede that it's willful misconduct because that assumes what's being sought to be proved under this, I mean, the test for whether it's willful misconduct is whether the death resulted proximately and immediately. So, yes, there was certainly conduct that is highly questionable, consumption of this beverage, which led to intoxication, but unless it immediately resulted in death, whatever that means, it was not willful misconduct because that's the ultimate determination that then kicks it out of the line of duty and makes it not eligible for benefits. So we keep circling back to what did the VA intend by immediately and why did they put it in there if all they meant was it was going to be a direct consequence because that's covered by proximately. And we say it has to have some temporal component. But the court did make a finding there was willful misconduct. You don't contest that? Well, the court concluded there was willful misconduct because it said the fact situation falls within that phrase, proximately and immediately. But the only way that can be true is if it disregards the evidence, which was not disputed, that the death was not immediate, there's evidence indicating that it was not, or the court had to have read immediately out and said that it really is superfluous, it adds nothing to proximately, which we think was improper interpretation of the regulation as written. Your Honor, I want to address briefly that there's been a suggestion in the Secretary's briefing that proffered before this court that the interpretation of immediately is actually, it doesn't have anything to do with time or temporal element, that it actually simply distinguishes between a single instance of intoxication and chronic drinking. And I simply want to submit that that is not an acceptable reading of the regulation, either because where it comes from the sentence, the immediately comes as an adverb modifying the verb result. It has to do with the resulting, the chain of causation, and has nothing to do with the nature of the drinking, which is clarified in the introduction to the phrases. The sentence after it says that someone who is a chronic drinker and then develops some physical condition related to that, that's not willful misconduct. So maybe it's distinguishing from that. Well, the Secretary suggests, well, that's why they put immediately in the first regulation, but that can't be right, because immediately tells you nothing about the nature of the or it's either chronic over a period of years, or it's a single instance in which case it has to be approximate and immediate death. The immediately tells you nothing about the nature of the drinking. That distinction is made otherwise in the regulation. We're simply saying that can't be the interpretation that VA had in mind. That can't be the fair and considered judgment of the agency because it makes no sense to that. I want to save a little of your rebuttal time. I do. Thank you, Your Honor. Thank you, Mr. Bolzner. Mr. Frehlein. Good morning. May it please the Court. The Court should affirm the Veterans Court's decision in this case. Mr. Chisholm's death was the result of willful misconduct. Ms. Chisholm is, therefore, ineligible for benefits. First, Ms. Chisholm's interpretation would clearly conflict with the statute. There can be no dispute here that willful misconduct occurred and that the death here was not in line of duty. Now, with respect to the term approximately and immediately, what that term means is a death that occurs directly without an intervening cause and is not the result of the chronic use of alcohol. The word immediately is meant to distinguish a single instance of intoxication from what the next sentence says,  Now, let me ask you, in the section that we're talking to, approximately and immediately, in your view, or in the government's view, I should say, what role does the word immediately play in the clause and what role does the word approximately play? So, approximately means essentially directly, without an intervening cause, and immediately is meant to distinguish the word chronic in the next sentence. So, you have an immediate death versus a chronic death. That is, a single instance of alcohol consumption that leads to death versus a series of events that lead to a chronic condition. So, you say this would cover the situation. Maybe it was, I could be wrong, maybe it was in the Portia case, where someone drinks a large amount of alcohol and then two hours later, three hours later, they get on a motorcycle and they're killed in a motorcycle accident. Yes, that is a Portia case, Your Honor. That's correct. And certainly, one can think of all sorts of hypotheticals to show why the word immediately is not designed to mean instantaneously. And I'd like to make a point in that regard. Judge Shaw, you had asked a question about what the phrase approximately and immediately concerns. Does it concern consumption or does it concern intoxication? The regulation clearly refers to intoxication. So, if intoxication approximately and immediately results in death or disability, that is willful misconduct. Here, it's worth noting that if you look at the autopsy report, which is at page 48 of the joint appendix, when the autopsy was done, Mr. Chisholm had an excessive amount of alcohol in his system. .398, I believe, was the blood alcohol content at the time of his death. So, clearly, even if one were to assume, to agree that the word immediately means instantaneously, when he died, Mr. Chisholm was clearly intoxicated. What would be your view, Mr. Prem, in the hypothetical I gave, where someone drinks the same amount of alcohol or cognac, I guess it was, or brandy, as Mr. Chisholm did, they go into a coma within an hour, but then they don't die for another two months? In fact, Your Honor, that's a hypothetical very similar to a hypothetical that I had written down. And that shows exactly why the word immediately doesn't mean instantaneously. Obviously, if someone gets in an accident and has an extreme high blood alcohol level, that is willful misconduct. They might not die, quote-unquote, instantaneously or immediately, if you want to define it as instantaneously. They might die hours, days, even years later if they're in a coma, and they might not be intoxicated at that point. But obviously, the regulation is still designed to address that very scenario. Unless the Court has further questions, we respect the request of the Court to affirm the Veterans Court's decision. Thank you, Mr. Freheim. Mr. Bolzner, you have a minute and a half. Just a couple of comments, Your Honor. In response to the VA's position on the use of immediate to distinguish, counsel said it means it distinguishes from chronic. The word chronic distinguishes chronic drinking from a single instance of drinking, which simply reinforces the point I made earlier that immediately can't mean that. You don't need it to mean that because chronic distinguishes chronic drinking over a period of years, which leads to an organic disease as a secondary cause of death. Finally, I'd simply add that the essence of the Secretary's argument remains that immediately really doesn't mean anything other than approximately. It means just death resulted as a direct result of the intoxication, which we don't dispute. But these are regulations, Your Honor, not musings of a philosophical nature. Regulations are sort of nitty-gritty. Here's what you do. They're designed to guide conduct or help resolve disputes. We have to presume, and I think the Court should hesitate to do as the Veterans Court did, to presume that a regulation was written in such a way that it included terms, two terms, approximately, joined by the word and, immediately, without really meaning to say anything by immediately. The VA must have meant something, and if it meant anything, there was evidence in this case that the death was not immediate, and therefore the Board should be given an opportunity to make that determination. Thank you, Mr. Gorsuch.